IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIM L. DUKE (#52677), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-116-K-BN |
| CITY OF IRVING, TX., | § § § | |
| Defendant. | § | |

**NOTICE OF DEFICIENCY AND ORDER**

Plaintiff Tim L. Duke, currently an inmate at the Lamar County jail, filed this *pro se* civil rights action solely against the City of Irving, requesting monetary damages after the state courts determined that he was actually innocent of a 1992 burglary of a habitation offense under which he was sentenced to 25 years of imprisonment.

His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Duke's current allegations fail to plausibly allege how the City of Irving, a municipality, is liable for the constitutional violation he appears to allege, based on his June 1991 arrest, a single (or episodic) act.

"To establish municipal liability in an episodic-act case, a plaintiff must show '(1) that the municipal employee violated [the pretrial detainee's] clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective

deliberate indifference.'" *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020) (quoting *Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008) (quoting, in turn, *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999))).

> To base deliberate indifference from a single incident, "it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." *Burge v. St. Tammany Par.*, 336 F.3d 363, 373 (5th Cir. 2003). [And a plaintiff] "must show direct causation, i.e., that there was 'a direct causal link' between the policy and the violation." *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001)). To be sure, "deliberate indifference" goes beyond mere or gross negligence, for a governmental entity cannot be held liable under § 1983 via respondeat superior. *Id.*; *see also Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978).

*Blanchard-Daigle v. Geers*, ___ F. App'x ___, No. 18-51022, 2020 WL 730586, at *2 (5th Cir. Feb. 12, 2020) (per curiam) (citations modified).

As currently pled, Duke's allegations "related to [the City of Irving] are so conclusory that it is difficult to assess the [City's] involvement, if any at all." *Id.* at *3. That is, the complaint lacks facts necessary to allege a plausible claim against the City based on the municipal liability principles set out above.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A threadbare or formulaic recitation of the elements of a cause of action,

supported by mere conclusory statements, will not suffice. *See id.*

That said, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

To remedy the pleading deficiencies outlined above, attached to this order is a form civil rights complaint – prisoner that Duke must complete, date and sign, and return to the Court no later than **May 18, 2020**. The factual allegations Duke includes in this amended complaint should meet the pleading standards outlined above. And any failure to file an amended complaint – which should allege a factually plausible cause of action – will result in a recommendation that this action be dismissed for failure to prosecute and obey orders of the Court. *See* FED. R. CIV. P. 41(b).

SO ORDERED.

DATED: April 15, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE