IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIM L. DUKE (#52677), § § § | |
| Plaintiff, § § | |
| V. § | No. 3:20-cv-116-K-BN |
| § | |
| CITY OF IRVING, TX., § § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Tim L. Duke, currently an inmate at the Lamar County jail, filed this *pro se* civil rights action solely against the City of Irving, requesting monetary damages after the state courts determined that he was actually innocent of a 1992 burglary of a habitation offense under which he was sentenced to 25 years of imprisonment.

His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

The Court granted Duke leave to proceed *in forma pauperis*. *See* Dkt. No. 9. And Duke has filed an amended complaint [Dkt. No. 11] in response to the Court's April 15, 2020 Notice of Deficiency and Order [Dkt. No. 10] (the "NOD").

The undersigned now enters these findings of fact, conclusions of law, and recommendation that – because Duke has now filed an amended complaint to state his best case and because further leave to amend would be futile – the Court should

dismiss this action with prejudice for failure to state a claim on which relief may be granted.

## Applicable Background

"On May 1, 1992, pursuant to a plea bargain agreement, [Duke] entered a plea of guilty to the offense of burglary of a habitation, enhanced by a prior felony, in exchange for a twenty-five year sentence in the penitentiary." *Ex parte Duke*, No. W91-31292(E), Agreed Findings of Fact and Conclusions of Law, at 1 (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex. Apr. 21, 2018).

Following an investigation by the Dallas County Conviction Integrity Unit, the trial court found that Duke "has shown by a preponderance of the evidence that, but for a violation of the United States Constitution, no rational juror could has found [his] guilt beyond a reasonable doubt, thus meeting the requirement of Art. 11.07 § 4(a)(2)" and that Duke's "plea in this case was involuntary." *Id.* at 20; *see also id.* at 18 & 20 (finding that Duke carried his "burden of proof as to actual innocence as required by article 11.07, § 4(a)(2) and *Schlup[ v. Delo*, 513 U.S. 298 (1995)]" because he "entered an involuntary guilty plea because he was misled by the Irving offense report and because the parties failed to realize that the facts surrounding the Lewisville police department's dispatch proved [Duke's] alibi" but declining to make findings as to Duke's "free standing claim of Actual Innocence" under *Herrera v. Collins*, 506 U.S. 390 (1993)); *see also Schlup*, 513 U.S. at 314 (distinguishing "procedural" claims of innocence, which are based on a separate, underlying claim that a defendant was denied "the panoply of protections afforded to criminal

defendants by the Constitution").

The Texas Court of Criminal Appeals then reopened Duke's initial state habeas application, withdrew its prior opinion denying relief, granted relief, set aside Duke's conviction, and remanded Duke "to the custody of the Sheriff of Dallas County to answer the charges as set out in the indictment." *Ex parte Duke*, Nos. WR-23,129-04 & -10 (Tex. Crim. App. June 27, 2018) (per curiam). And the State moved to dismiss the case "on the basis of actual innocence," a motion the trial court granted on July 30, 2018. *State v. Duke*, No. F91-31292-L (Crim. Dist. Ct. No. 5, Dallas Cnty., Tex.).

## Legal Standards

Where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The language of this statute – as well as its sister statute, Section 1915(e)(2)(B) – "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Dismissal for failure to state a claim therefore "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory

supporting the claim asserted," *Johnson*, 574 U.S. at 11. Plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

## Analysis

As the Court explained to Duke through the NOD, in his initial complaint, he failed

> to plausibly allege how the City of Irving, a municipality, is liable for the constitutional violation he appears to allege, based on his June 1991 arrest, a single (or episodic) act.
>> "To establish municipal liability in an episodic-act case, a plaintiff must show '(1) that the municipal employee violated [the plaintiff's] clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference.'" *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020) (quoting *Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008) (quoting, in turn, *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999))). To base deliberate indifference from a single incident, "it

> should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." *Burge v. St. Tammany Par.*, 336 F.3d 363, 373 (5th Cir. 2003). [And a plaintiff] "must show direct causation, i.e., that there was 'a direct causal link' between the policy and the violation." *James v. Harris Cnty.,* 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 580 (5th Cir. 2001)). To be sure, "deliberate indifference" goes beyond mere or gross negligence, for a governmental entity cannot be held liable under § 1983 via respondeat superior. *Id.*; *see also Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978).

*Blanchard-Daigle v. Geers*, ___ F. App'x ____, No. 18-51022, 2020 WL 730586, at *2 (5th Cir. Feb. 12, 2020) (per curiam) (citations modified).

As currently pled, Duke's allegations "related to [the City of Irving] are so conclusory that it is difficult to assess the [City's] involvement, if any at all." *Id.* at *3. That is, the complaint lacks facts necessary to allege a plausible claim against the City based on the municipal liability principles set out above.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

That said, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

To remedy the pleading deficiencies outlined above, attached to

> this order is a form civil rights complaint – prisoner that Duke must complete, date and sign, and return to the Court no later than May 15, 2020. The factual allegations Duke includes in this amended complaint should meet the pleading standards outlined above. And any failure to file an amended complaint – which should allege a factually plausible cause of action – will result in a recommendation that this action be dismissed for failure to prosecute and obey orders of the Court. *See* FED. R. CIV. P. 41(b).

Dkt. No. 10 at 1-3.

Duke does no better in his amended complaint, in which he asserts that the City is liable because the detective who he alleges caused the constitutional harm to him was "a City Employee." Dkt. No. 11 at 4 ("I was exonerated. Detective being a City Employee due to his not investigation evidence that proved my innocence allowed me to be convicted thus violated my Const. Rights to Freedom, Justice, Liberty.").

Duke's amended complaint merely asserts that the City should be liable because it employed the individual who allegedly harmed him. But "[t]here is no vicarious municipal liability under § 1983; rather, plaintiffs 'must prove that "action pursuant to official municipal policy" caused their injury.'" *Three Legged Monkey, L.P. v. City of El Paso, Tex.*, 652 F. App'x 236, 239 (5th Cir. 2016) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting, in turn, *Monell*, 436 U.S. at 691)).

As explained in the NOD, liability under *Monell* turns on municipal policy. A plaintiff must allege "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). And, "[t]o proceed beyond the

pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'" *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); footnote omitted).

Because the Court afforded Duke an opportunity to amend his complaint after notifying him of the legal standards applicable to alleging municipal liability – that he must allege some facts that show how the City itself, based on a policy, could be liable – and because he filed an amended complaint that remains deficient in that regard, the Court should find that further leave to amend would be futile and dismiss this case with prejudice.

## Recommendation

The Court should dismiss the amended complaint with prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 7, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE