# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 1, 2021
Lyle W. Cayce
Clerk

No. 20-10527

Tim L. Duke,

*Plaintiff—Appellant*,

versus

City of Irving, Texas,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-116

Before Jones, Costa, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Tim L. Duke, Texas prisoner # 606639, filed a 42 U.S.C. § 1983 action against the City of Irving (City) arising from his wrongful conviction and incarceration for burglary of a habitation. The district court dismissed his complaint for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Duke timely appealed and filed

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10527

a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied his IFP motion and certified that his appeal was not taken in good faith.

Challenging the district court's certification, Duke moves for leave to proceed IFP on appeal. "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." § 1915(a)(3). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If the court upholds the district court's certification, the appellant must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). However, if the appeal is frivolous, this court may dismiss it sua sponte. *Id.* at 202 n.24; 5TH CIR. R. 42.2.

We review de novo the district court's dismissal of Duke's § 1983 action. *See Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016). "[A] complaint will survive dismissal for failure to state a claim if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 210 (internal quotation marks and citations omitted). To establish that the City may be held liable under § 1983, Duke "must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Trammell v. Fruge*, 868 F.3d 332, 344 (5th Cir. 2017) (internal quotation marks and citation omitted). A policy can include a persistent or widespread practice or custom. *Pena v. City of Rio Grande*, 879 F.3d 613, 621-22 (5th Cir. 2018).

Duke has not pointed to any official policy or widespread practice of the City that gave rise to his alleged constitutional injury. *See id.*; *Trammel*,

868 F.3d at 344. He has therefore not alleged any facts demonstrating that the City could be held liable under § 1983, and he has not demonstrated a nonfrivolous argument that the district court erred in dismissing his complaint for failure to state a claim. *See Trammel*, 868 F.3d at 344.

Accordingly, Duke's IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Duke's complaint and the dismissal of this appeal as frivolous count as two strikes under § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). In addition, a prior § 1983 action filed by Duke was dismissed for failure to state a claim pursuant to § 1915(e)(2)(B), resulting in one strike. *See Duke v. Nelms*, No. 3:20-CV-665, 2020 WL 1977451 (N.D. Tex. April 3, 2020) (unpublished). Because he now has at least three strikes, Duke is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).